UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES KINNEY,

    Plaintiff,

    v.

LOS ANGELES COUNTY SUPERIOR COURT JUDGE LUIS A. LAVIN, et al.,

    Defendants.

No. C 14-3817 PJH

**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION; ORDER TO SHOW CAUSE RE DISMISSAL**

Before the court is the ex parte application of plaintiff Charles Kinney for a temporary restraining order and order to show cause re preliminary injunction. Having read plaintiff's papers and considered his arguments and the relevant legal authority, the court hereby DENIES the application.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

In addition, under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Ex parte injunctive relief is to be granted sparingly. "The stringent restrictions

imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

Accordingly, courts have generally confined ex parte injunctive relief to two situations – where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing; and, in a very limited number of cases, where notice to the defendant would render fruitless the further prosecution of the action. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not," and it requires a plaintiff to demonstrate a "substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011).

And even where success on the merits is likely or "serious questions" are raised an injunction "is not a remedy which issues as of course." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

In the complaint in the present action, plaintiff, a California attorney, asserts a single cause of action under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, against two California state judges – the Honorable Luis A. Lavin of the Superior Court of California, County of Los Angeles; and the Honorable Roger W. Boren of the California Court of Appeal, Second Appellate District.  As far as the court can ascertain, the allegations in the complaint all pertain to plaintiff's dissatisfaction with decisions rendered and orders issued by the California Superior Court or the California Court of Appeal, a number of those decisions finding plaintiff himself and one of his clients to be vexatious litigants.  Plaintiff seeks damages, declaratory and injunctive relief, and costs of suit.

In his ex parte application for a TRO, plaintiff seeks an order enjoining all proceedings in an action currently pending before the California Court of Appeal, Second District, Case No. B248713 (underlying Los Angeles Superior Court Case No. BC374938), including an oral argument scheduled for August 28, 2014 before the California Court of Appeal.

The application is DENIED, for the following reasons.  First, under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Because none of the three limited exceptions applies in this case, the court cannot issue an order enjoining the pending state court proceedings.  The Anti-Injunction Act also applies to declaratory judgments if those judgments have the same effect as an injunction. California v. Randtron, 284 F.3d 969, 975 (9th Cir. 2002).

Second, plaintiff's application does not comport with the requirements of Rule 65(b)(1) for the issuance of ex parte injunctive relief, in that plaintiff has not provided proof

of service of the summons and complaint on the defendants, and has not filed a declaration showing good cause as required by the Rule.  His declaration states only that he "called the attorney" for the California Court of Appeal "in my U.S. District Court, Northern District of California, federal civil rights case, Kinney v. State Bar, Case No. C-13-1396 MMC, and left a message with the receptionist 'Edmond' to inform that attorney of this ex-parte application for a TRO" and that he would "thereafter provide that attorney with a set of the moving papers and the underlying complaint."  However, there is no proof that the defendants have been served with the summons and complaint or the moving papers as of this date.

      Third, plaintiff's application does not meet the standards for issuance of injunctive relief in federal court.  Not only has plaintiff failed to cite the applicable standard, but he has also failed to make any showing whatsoever regarding his likelihood of success on the merits of this RICO claim against the two defendants.

      Fourth, plaintiff is barred from seeking damages from these defendants.  A state court judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  Pierson v. Ray, 386 U.S. 547, 553-55 (1967).  Whether an act by a judge is a judicial one relates to whether it is a function normally performed by a judge, and to whether the parties dealt with the judge in his judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 362 (1978); see also, e.g., Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

      Here, the actions about which plaintiff complains are rulings and orders in cases pending before the two state courts at issue.  Thus, defendants are immune from any claims for damages.  While judicial immunity does not bar claims for prospective injunctive relief against state court judges acting in their official capacities, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), in this case, no injunctive relief is available for the reasons stated above.

      The court ORDERS plaintiff to show cause in writing **no later than September 2, 2014** why this case should not be dismissed for lack of subject matter jurisdiction.  Broadly

construed, plaintiff's claim appears to involve a forbidden de facto appeal from a state court judgment, as he is in essence complaining of a legal wrong allegedly committed by the Superior Court, as well as by the Court of Appeal, and seeks relief from the judgment of the state court.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Cooper v. Ramos, 704 F.3d 772, 778 (9th Cir. 2012).  Where claims raised in a federal court action are "inextricably intertwined" with the state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws, then the federal complaint must be dismissed for lack of subject matter jurisdiction.  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated:  August 22, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge