IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>        Plaintiff,<br>  v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT JUDGE LUIS A. LAVIN, et al.,<br><br>        Defendants.<br>_____ / | No. C-14-3817 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; VACATING HEARING** |

      Before the Court is the motion to dismiss, filed September 30, 2014, by California Court of Appeal Justice Roger W. Boren ("Justice Boren") and California Superior Court Judge Luis A. Lavin ("Judge Lavin"). Plaintiff Charles Kinney has filed opposition, to which Justice Boren and Judge Lavin have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court find the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 14, 2014, and rules as follows.

      In his complaint, plaintiff alleges one cause of action, specifically, a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The claim is based on the following acts: (1) in 2008, Judge Lavin issued an order finding plaintiff to be a vexatious litigant (see Compl. ¶¶ 8, 10.E., Ex. D); (2) in 2012, Judge Lavin issued an order finding a client of plaintiff to be a vexatious litigant (see Compl. ¶ 8, 10.J, Ex. F); (3) in 2011, Justice Boren signed an opinion of the California Court of Appeal, in which plaintiff was found to be a vexatious litigant (see Compl. ¶ 10.I (citing In re Kinney,

201 Cal. App. 4th 951 (2011)); (4) on two occasions, in 2009 and in 2012, respectively, Justice Boren, in his capacity as Administrative Presiding Justice of the Second Appellate District, dismissed two appeals filed by plaintiff, each challenging Judge Lavin's order finding plaintiff to be a vexatious litigant (see Compl. ¶¶ 9, 10.F., 10.K, Exs. E, G); and (5) in 2012, Justice Boren issued a decision transferring, from one division of the Second Appellate District to another, an appeal filed by Kinney on behalf of a client (see Compl. ¶ 10.L).

Plaintiff alleges the above-referenced judicial decisions are "void" because, he asserts, neither Justice Boren nor Judge Lavin had "personal and subject matter jurisdiction over Kinney" at the time each such decision was issued.  (See Compl. ¶ 45.) Consequently, plaintiff further asserts, he is entitled under RICO to an award of damages, as well as declaratory and injunctive relief.

Plaintiff's claims are barred in their entirety.  First, Justice Boren and Judge Lavin are entitled to absolute immunity, and, consequently, plaintiff's claim for an award of damages is barred.  See Stump v. Sparkman, 435 U.S. 349, 355-56, 364 (1978) (holding state court judges sued for engaging in "judicial acts" are "immune from damages liability" irrespective of whether ruling was "in error").  Next, plaintiff's claims for declaratory and injunctive relief, by which plaintiff seeks relief from the above-referenced decisions, are barred for lack of subject matter jurisdiction.  See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power whatever to sit in direct review of state court decisions"; vacating district court order enjoining enforcement of state court order).

Accordingly, Justice Boren and Judge Lavin's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated:  October 31, 2014

_____
MAXINE M. CHESNEY
United States District Judge

2